UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN H. LARY, JR., M.D., individually and as
the representative of a class of similarly-situated
persons,

                          Plaintiff,

      -against-

REXALL SUNDOWN, INC., REXALL
SUNDOWN 3001, NBTY, INC., UNITED
STATES NUTRITION, INC., CORPORATE
MAILINGS, INC. d/b/a CCG MARKETING
SOLUTIONS and JOHN DOES 1-10,

                    Defendants.

_____

CORPORATE MAILINGS, INC. d/b/a CCG
MARKETING SOLUTIONS,

                 Third-Party Plaintiff,

      -against-

HEALTHCARE DATA EXPERTS, LLC,

                 Third-Party Defendant.
------------------------------------------------------------X

**OPINION AND ORDER**
**13-CV-5769 (SJF)**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   FEB 1 0 2015   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

    This putative class action was commenced pursuant to the Telephone Consumer

Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Protection Act of 2005, 47

U.S.C. § 227 ("JFPA"). Plaintiff John H. Lary, Jr. ("plaintiff") has moved for class certification

pursuant to FRCP 23 and for a stay of decision on the certification motion pending discovery.

Defendant CCG Marketing Solutions ("CCG") has moved to dismiss plaintiff's First Amended

Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). For the

reasons that follow, CCG's motion is **GRANTED** and plaintiff's motion is **DENIED** in its entirety.

### I.  Background

### A.  Facts[1]

CCG is a marketing company which entered into a Master Service and Support Agreement with defendant United States Nutrition, Inc., a corporate affiliate of defendant Rexall. FAC at ¶ 16. CCG: (a) created an advertisement (the "fax"), which was approved by all defendants; (b) created a list or database of physicians; (c) acquired or licensed the advertisement's use for transmission to those persons listed in the database; (d) determined that the advertisement should be sent by fax (with the approval of the other defendants); (e) hired and paid for a third-party fax broadcaster to send the advertisement to those persons on the list or in the database; and (f) was reimbursed by the other defendants for these services. *Id.* at ¶ 17.

On or about March 5, 2013, an unsolicited fax was sent, without permission, to plaintiff and more than forty (40) other recipients via telephone facsimile machine, by or on behalf of defendants, offering a free sample of the dietary supplement Osteo Bi-Flex. *Id.* at ¶¶ 18, 21, 22. The fax failed to contain the JFPA's opt-out notice. *Id.* at ¶ 37. Plaintiff was allegedly damaged by the: (a) loss of toner and paper used by printing the fax; (b) loss of time spent receiving and reviewing the fax; (c) loss of plaintiff's privacy; and (d) use of plaintiff's facsimile machine without permission. *Id.* at ¶ 42. As facsimile machines remain operable to receive urgent communications, there is no reasonable means for plaintiff to avoid receiving unauthorized faxes. *Id.* at ¶ 23.

---

[1] The facts are taken from plaintiff's First Amended Complaint ("FAC").

B. **Procedural History**

On October 22, 2013, plaintiff filed this action against Rexall Sundown, Inc., Rexall Sundown, LLC, Rexall Sundown 3001, LLC, Rexall Inc., Rexall US Delaware, Inc., NBTY, Inc. ("Rexall defendants") and John Does 1-10. On January 7, 2014, plaintiff preemptively[2] moved for class certification and for a temporary stay of decision to prevent defendants from making an offer of judgment to plaintiff. The Rexall defendants filed their answer on February 12, 2014 and on February 26, 2014, filed a third-party complaint against CCG. On March 7, 2014, pursuant to stipulation, plaintiff withdrew the motion for class certification without prejudice to permit the parties to engage in discovery; the Rexall defendants agreed to withdraw any pending individual settlement offers and to refrain from making any offers during this period.

On April 18, 2014, plaintiff filed the FAC, adding CCG as a defendant. On April 28, 2014, the Rexall defendants voluntarily dismissed their third-party complaint and filed a cross-claim for indemnification against CCG. On June 13, 2014, CCG filed its answer to the FAC and cross-claim and filed a cross-claim against the Rexall defendants. On June 27, 2014, CCG filed a third-party complaint against Healthcare Data Experts, LLC, asserting state law claims, including breach of contract and unjust enrichment.

On June 26, 2014, CCG served plaintiff's counsel with an individual offer of judgment in the sum of three thousand, five hundred dollars ($3,500.00). On July 9, 2014, plaintiff filed a second motion for class certification and a temporary stay of the motion to prevent defendants from mooting plaintiff's class-action claims through an offer of judgment prior to certification.

---

[2] As discussed below, plaintiff filed the motion based upon case law which holds that in a proposed class action, a pre-certification offer of judgment renders the entire litigation moot.

On July 21, 2014, CCG served plaintiff with a motion to dismiss pursuant to FRCP 12(b)(1).

## II.    Discussion

### A.    Legal Standard

Pursuant to Article III, § 2 of the United States Constitution, the jurisdiction of the federal courts is limited to "Cases" and "Controversies," which "restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). Thus, federal courts require that a party have a legally cognizable interest in a case's outcome to "ensure[] that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Id.*

Where there is no case or controversy, FRCP 12(b)(1) provides that a party may move to dismiss a case for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). In order to survive a defendant's motion to dismiss for lack of subject matter jurisdiction, a plaintiff must allege facts "that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). In deciding such a motion, the Court may consider materials beyond the pleadings, *Makarova*, 201 F.3d at 113, and must "accept as true all material factual allegations in the complaint," *Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

*Mootness*

"A corollary to [the] case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Genesis Healthcare*, 133 S. Ct. at 1528 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'" *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 143 (2d Cir. 1994) (quoting *Cnty. of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) (holding that the doctrine of mootness has two aspects: "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). Thus, if "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 133 S. Ct. at 1528 (quoting *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477-478 (1990)). *See Fox*, 42 F.3d at 140 ("When a case becomes moot, the federal courts 'lack[ ] subject matter jurisdiction over the action.'") (quoting *New York City Emps. Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)). "The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation." *Id.* at 140. "'Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed.'" *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 WL 1329168, at *2 (S.D.N.Y. Apr. 02, 2014) (quoting *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000)).

**B.     Rule 68 Offers of Judgment and Mootness**

**1.     FRCP 68**

Federal Rule of Civil Procedure 68(a) provides that at least fourteen (14) days before trial, a "party defending against a claim may serve on the opposing party an offer to allow judgment on specified terms, with costs then accrued.  If, within fourteen (14) days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance . . . . The clerk must then enter judgment."  Although, [a]n unaccepted offer is considered withdrawn . . . [i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay costs incurred after the offer was made."  Fed. R. Civ. P. 68(b) and (d).  The purpose behind the Rule is "to encourage settlement and avoid litigation."  *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

**2.     Whether an Offer of Judgment Moots a Case**

In *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339 (1980), the Supreme Court first discussed the concept of a defendant "picking off" a named plaintiff by making an offer of judgment prior to the certification of a proposed class.  In *Roper*, plaintiff credit card holders sued defendant bank, alleging usurious finance charges, and sought class certification. *Id.* at 327-28.  The district court denied plaintiffs' motion to certify the class, based upon its finding that the proposed class did not meet FRCP 23's requirements, and certified the order for a discretionary interlocutory appeal.  *Id.* at 329.  Following denial of the appeal, the bank tendered to the two (2) named plaintiffs the maximum amount each could have recovered.  *Id.* at 329-30.  The plaintiffs declined the tender and made a counteroffer of judgment seeking to

reserve the right to appeal the denial of the class certification, which the bank declined to accept. *Id.* The district court entered judgment in plaintiffs' favor based upon the bank's offer, over plaintiffs' objection, and dismissed the case. *Id.* at 330. Upon review of the district court's certification ruling in the Court of Appeals, the bank argued that the case had been mooted based upon the entry of judgment in plaintiffs' favor. *Id.* at 330. The Court of Appeals rejected the bank's mootness argument, held that Rule 23's requirements had been met and remanded the case with directions to certify the class. *Id.* at 331. The bank sought and was granted certiorari limited to the mootness question. *Id.*

The Supreme Court held that based upon the facts, the district court's "entry of judgment in favor of the named plaintiffs over their objections did not moot their private case or controversy" and that the named plaintiff's individual interest[3] in the litigation was "sufficient to permit their appeal of the adverse certification ruling." *Id.* at 340. The Court reasoned that denying "the right to appeal simply because the defendant has sought to 'buy off' the individual private claims of the named plaintiffs would be contrary to sound judicial determination." *Id.* at 339. In a footnote, the Court noted that "[d]ifficult questions arise as to what, if any, are the named plaintiffs' responsibilities to the putative class *prior* to certification." 445 U.S. at 340 n.12.

In *Genesis Healthcare*, the Court considered whether a case brought on behalf of other similarly situated employees remains justiciable when the lead plaintiff's individual claim becomes moot. 133. S. Ct. at 1526. In that case, plaintiff commenced an action on behalf of

---

[3] "[N]amely, to shift a portion of attorney's fees and expenses to successful class litigants." *Genesis Healthcare*, 133 S. Ct. at 1532 (citing *Roper*, 445 U.S. at 332-34 & n.6).

herself and other similarly situated employees seeking statutory damages for violations of the Fair Labor Standards Act ("FLSA"). *Id.* at 1527. Defendants answered the complaint, simultaneously serving a Rule 68 offer of judgment, to be withdrawn (10) days after service. *Id.* Upon plaintiff's failure to respond, defendants filed a motion to dismiss arguing that plaintiff's personal stake in the outcome of the lawsuit was rendered moot upon their offer of complete relief on her individual damages claim. *Id.* Plaintiff argued that defendants' offer was an improper "pick-off" attempt. *Id.* The district court concluded that the offer of judgment mooted plaintiff's suit because the Rule 68 offer of judgment fully satisfied the individual plaintiff's claim and no other plaintiffs had opted in. *Id.* Accordingly, it dismissed the case for lack of subject matter jurisdiction. *Id.*

On appeal, the Third Circuit reversed and remanded the case to allow the plaintiff to seek "conditional certification" based upon the "calculated attempts by some defendants to 'pick-off' named plaintiffs with strategic Rule 68 offers before certification [which] could short-circuit the process and, thereby, frustrate the goals of collective actions." *Id.* Defendants sought and were granted certiorari. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 26 (2012).

The Supreme Court noted a split amongst the circuit courts with respect to whether an unaccepted offer which fully satisfies a plaintiff's claim renders the case moot, but declined to decide the question because it had not been raised before the lower courts. *Id.* at 1528-29. Leaving the Third Circuit's decision extant, the Court then considered whether plaintiff's "action remained justiciable based on the collective-action allegations in her complaint." *Id.* at 1529. Finding that plaintiff had no personal stake in representing putative and unnamed claimants based upon the mere presence of the collective-action allegations, nor any other continuing interest

which would preserve her suit, the Court held that the case was properly dismissed for lack of subject matter jurisdiction. *Id.* at 1529, 1532.

### 3.    The Law in the Second Circuit

The Second Circuit has not definitively ruled on whether an unaccepted Rule 68 offer made prior to the filing of a Rule 23 or collective action certification motion or while one is pending, moots a case. *Jones-Bartley v. McCabe, Weisberg & Conway, P.C.*, No. 13 Civ. 4829, 2014 WL 5795564, at *6 (S.D.N.Y. Nov. 6, 2014).

In *Abrams v. Interco, Inc.*, 719 F.2d 23 (2d Cir. 1983), two (2) plaintiffs filed a private antitrust action in the Southern District of New York on behalf of themselves and a putative class, alleging that defendant participated in a price-fixing scheme, claiming damages to the named plaintiffs in the sum of four hundred ten dollars and ten cents ($400.10). *Id.* at 25. The complaint sought a judgment: (a) declaring the case a class action; (b) directing defendant to pay the class treble damages; and (c) reasonable costs and attorney's fees. *Id.* More than two (2) years after filing the complaint, plaintiffs moved for class certification; approximately one (1) year later, the district court denied the motion. *Id.* In February 1982, defendant made an offer of judgment in the sum of one thousand two hundred twenty-four dollars and thirty cents ($1,224.30) plus costs and attorneys' fees. *Id.* at 25-26. Plaintiffs declined the offer and defendant moved to dismiss pursuant to FRCP 12(b)(1), alleging that no justiciable case or controversy remained. *Id.* at 26. The district court granted defendant's motion, directed the parties to settle judgment and "provided that if they could not agree on the attorney's fees, the court would fix them." *Id.* Final judgment, which expressly preserved plaintiffs' right to appeal the denial of their motion for class

-9-

certification, was entered. *Id.* On appeal, the Second Circuit affirmed the district court's judgment dismissing the case as moot, holding that "all that remain[ed] was their individual claims, for which [defendant] admittedly has offered to pay much more than plaintiffs could obtain by suit." *Id.* at 32. The court reasoned that this was not a case "in which class certification has been granted and the defendant then seeks to oust the individual plaintiffs as representatives by paying their claims." *Id.* Rather, in "substance, what defendant did by its offer was no different (except in being more favorable to the plaintiffs) than if it had submitted to a default judgment on the individual claims." *Id.*

In *McCauley v. Trans-Union, L.L.C.*, 402 F.3d 340, 340 (2d Cir. 2005), the *pro se* plaintiff sued credit reporting agency Trans Union, L.L.C. ("Trans Union"), alleging that it incorrectly reported plaintiff as having two (2) outstanding tax liens, thereby preventing him from securing a student loan with Sallie Mae. The complaint sought damages in the sum of two hundred forty dollars ($240.00) representing fees incurred by plaintiff by charging over eight thousand dollars ($8,000.00) for tuition to his credit card. *Id.* at 340-41. In October 2002, after it had filed an answer denying the complaint's allegations, Trans Union made a Rule 68 offer of judgment for two hundred and forty dollars ($240.00) plus costs, on condition that the settlement remain confidential and under seal. *Id.* at 341. In September 2003, Trans Union moved for summary judgment and argued that, based upon its offer to pay the damages sought in the complaint, the case or controversy had been extinguished. *Id.* The district court granted in part and denied in part Trans Union's motion, holding that plaintiff may have been entitled to punitive damages and thus the offer did not encompass all that plaintiff could have recovered. *Id.* The court then acknowledged, however, that punitive damages were no longer available and if Trans Union made

-10-

an identical offer and plaintiff rejected it, the court "would be compelled to dismiss the action." *Id.* Accordingly, Trans Union renewed the settlement offer, plaintiff rejected it and the court dismissed the case, holding that the offer encompassed everything plaintiff could have recovered through successful litigation. *Id.* On appeal, plaintiff argued that he retained a legal and cognizable interest in obtaining an unsealed judgment with precedential value against Trans Union and that the court erred by failing to enter judgment in the sum of two hundred and forty dollars ($240.00) plus costs against Trans Union. *Id.*

The Second Circuit held that while Trans Union's "unwillingness to admit liability [was] insufficient, standing alone, to make this case a live controversy," the district court's entry of judgment in Trans Union's favor did not moot the case. *Id.* at 341-42. Rather, "[i]n the absence of an obligation to pay [plaintiff] the [two hundred and forty dollars ($240.00)] in claimed damages, the controversy between [plaintiff] and Trans Union [was] still alive." *Id.* at 342. Thus, the court could not conclude "that the rejected settlement offer, by itself, moot[ed] the case so as to warrant entry of judgment in favor of Trans Union." *Id.* The court held, however, that where a "defendant has thrown in the towel, there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law." *Id.* (quoting *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000)). Accordingly, the court vacated the judgment in favor of Trans Union and remanded the case for the limited purpose of entering a default judgment.[4] *Id.*

----

[4] To which the parties had agreed during oral argument in favor of plaintiff for two hundred and forty dollars ($240.00) plus reasonable costs.

-11-

Where, however, an offer of judgment is for less than the damages sought, the *case* is not moot; rather, "all litigable *issues* pertaining to the defendants' liability cease[] to have practical importance, because of the defendants' tender of that amount." *ABN Amro Verzekeringen BV v. Geologistics Amer., Inc.*, 485 F.3d 85, 95 (2d Cir. 2007). In *ABN Amro*, the Second Circuit held that defendants' offer of fifty dollars ($50.00) did not moot plaintiff's claim seeking five hundred thousand dollars ($500,000.00) and, consequently, plaintiff retained a personal stake and legally cognizable interest in the litigation. *Id.*

The Second Circuit has also considered whether an offer that does not comply with a Rule 68 offer of judgment moots a case or controversy. In *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78 (2d Cir. 2013), plaintiff Doyle filed an amended complaint in March 2012 alleging that defendant Midland Credit Management, Inc. ("Midland") called his cellular telephone between twenty-two (22) and twenty-eight (28) times over the course of 2011, although none of the calls were actually intended for plaintiff. *Id.* at 79. After plaintiff repeatedly advised Midland that he was not the debtor and the debt collector refused to identify himself, plaintiff sued pursuant to the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 80. After Midland's motion for judgment on the pleadings pursuant to FRCP 12(c) was granted in part and denied in part, Midland offered plaintiff judgment in the amount of one thousand and one dollars($1001.00), plus reasonable costs and attorney's fees, and filed a motion to dismiss the complaint as moot. *Id.* Plaintiff refused Midland's offer and opposed the motion on the ground that he had sought both statutory and actual damages based upon the cost of the calls made to his cellular telephone. *Id.* Midland increased its offer by ten dollars ($10.00) to account for plaintiff's actual damages, which plaintiff refused despite his attorney's admission that the offer accounted for all the relief

-12-

sought. *Id.* The district court declared the case moot and granted Midland's motion to dismiss for lack of subject matter jurisdiction. *Id.*

On appeal, plaintiff argued that defendants' oral offer for actual damages could not moot the case because it did not comply with Rule 68. *Id.* at 81. The Second Circuit rejected this argument, holding that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." *Id.* (citing *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011)) ("The doctrine of mootness is . . . not constrained by the formalities of Rule 68."). *See also ABN Amro*, 485 F.3d at 92-93 (holding that where the district court, in the absence of a formal Rule 68 offer, "had ruled on all the relief demanded by the complaint . . . nothing remained for the court to do but enter and execute the judgment."). Accordingly, the appeals court agreed with the district court that plaintiff's "refusal to settle the case in return for Midland's offer, . . . notwithstanding [plaintiff's] acknowledgment that he could win no more, was sufficient ground to dismiss this case for lack of subject matter jurisdiction." *Doyle*, 722 F.3d at 81.

Approximately five (5) months after deciding *Doyle, supra*, the Second Circuit held that although an offer "resolving all points in dispute and leaving no conflict over the 'nature and form' of settlement," was an offer of judgment, an "offer of an informal settlement without judgment" was insufficient to moot a controversy. *Cabala v. Crowley*, 736 F.3d 226, 230 (2d Cir. 2013). In *Cabala*, the plaintiff had sought damages for defendant's alleged violation of the FDCPA. *Id.* at 227. Less than two (2) months after the complaint was filed, defendant offered to settle the case for one thousand dollars ($1,000.00) in statutory damages and plaintiff's costs and attorney's fees, to be determined by the court. *Id.* In light of the offer, defendant's attorney

-13-

indicated he would not be responsible for attorney's fees accruing thereafter. *Id.* Plaintiff responded requesting a lump sum settlement, including attorney's fees; defendant insisted that the fee amount be resolved by the court. *Id.* Plaintiff advised that the court would not consider the fee application without a judgment, which defendant admittedly wished to avoid. *Id.* at 227-28. After many attempts at settlement, the parties stipulated to judgment in favor of plaintiff for maximum statutory damages and requested that the court determine attorney's fees and costs. *Id.* at 228.

The district court held that defendant's original offer did not moot the case because "there was a sincere dispute over the 'nature and form' of the settlement-specifically about whether the settlement would include a judgment that would make the attorney's fee award judicially enforceable" and, therefore, the fees which accrued while the parties attempted to settle the matter were defendant's responsibility. *Id.* On appeal, defendant argued that the district court's fee award should not include work performed after defendant proffered the original settlement offer. *Id.* The Second Circuit affirmed the district court's fee award and held that because defendant's initial offer of judgment did not fully resolve the dispute between the parties, the additional litigation was not *per se* unreasonable. *Id.* at 231.

"Two clear principles emerge from this line of cases. First, to moot a plaintiff's claim, the defendant must make an offer of judgment; an offer of settlement is insufficient." *Jones-Bartley,* 2014 WL 5795564, at *11 (citing *Cabala,* 736 F.3d at 229). "Second, the offer of judgment must fully satisfy the plaintiff's claim; a genuine dispute over whether the offer satisfies the entirety of the claim may, by itself, constitute a live case or controversy." *Id.* (citing *ABN Amro,* 485 F.3d at 96). *Cf. Kaye v. Amicus Mediation & Arbitration Grp, Inc.,* 300 F.R.D. 67, 74 (D. Conn. 2014)

-14-

("In this Circuit, a plaintiff is not entitled to continue litigating if the defendant consents to judgment in the maximum amount for which the defendant could be held liable, regardless of any admission of liability, and regardless of whether the defendant consents to the entry of judgment by means of a written Rule 68 offer.") (citing *Cabala*, 736 F.3d at 230; *Doyle*, 722 F.3d at 80; *McCauley*, 402 F.3d at 341).

### 4. The Split Among the District Courts within the Second Circuit

In cases brought pursuant to a consumer protection statute and in the absence of a definitive ruling on the effect of Rule 68 offers to named plaintiffs who seek to represent a putative class, "district courts in this Circuit are split on the question of whether an offer of judgment to an individual plaintiff made while a certification motion is pending or before a certification motion is filed moots the putative class action." *Franco v. Allied Interstate LLC*, No. 13 Civ. 4053, 2014 WL 1329168, at *3 (S.D.N.Y. Apr. 2, 2014). *See Morgan v. Account Collection Tech., LLC*, No. 05 Civ. 2131, 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006) (noting that the "treatment of Rule 68 in class actions varies depending on the stage of certification" and a lack of clear guidance in cases where the offer is made while a certification motion is pending or when the offer is made prior to the filing of a Rule 23 motion); *Jones-Bartley*, 2014 WL 5795564, at *15 ("[N]either the Supreme Court nor the Second Circuit has ruled on whether class claims 'should be dismissed . . . when a Rule 68 offer of judgment for full relief is made . . . *prior* to the filing of a motion for class certification, *Carlin v. Davidson Fink LLP*, No. 13 Civ 6062, 2014 WL 4826248, at *3 (E.D.N.Y. Sept. 23, 2014) (alteration in *Jones-Bartley*), or 'on the effect [on class claims] of a Rule 68 offer made prior to resolution of a Rule 23 . . . certification motion.' " (quoting *Franco*, 2014 WL 1329168, at *3). *See also Ritz v. Mike*

-15-

*Rory Corp.*, 959 F. Supp. 2d 276, 279 (E.D.N.Y. 2013) (holding that after *Genesis Healthcare*, "the effect that a defendant's offer of judgment has on the viability of plaintiff's claim, and the overall [FLSA] lawsuit, is a question left to caselaw within the individual circuits").

### *FLSA Cases and Rule 68 Motions*

In FLSA cases,[5] "[d]istrict courts in the Second Circuit have held that an unaccepted offer of judgment for full relief can moot an FLSA collective action." *Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640, 2014 WL 4639126, at *3 (E.D.N.Y. Sept. 16, 2014) (citing *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006)) ("[A]n offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees."); *see also Hepler v. Abercrombie & Fitch*, No. 13 Civ. 2815, 2014 WL 4982441, at *1 (E.D.N.Y. Oct. 3, 2014) (holding "neither the belated joining of new opt-in plaintiffs nor plaintiffs' motion for conditional certification made after the Rule 68 Offers precludes dismissal for mootness or revives their moot FLSA claim") (citing *Genesis Healthcare*, 133 S. Ct. at 1530); *Darboe v. Goodwill Indus. of Greater NY & Northern NJ, Inc.*, 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007) ("Dismissal is ordered because the FLSA plaintiff has identified no

---

[5] The FLSA, 29 U.S.C. § 216(b), provides a right of action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid overtime compensation and liquidated damages. "Unlike a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23, in an FLSA collective action, only potential plaintiffs who 'opt in' can be 'bound by the judgment' or 'benefit from it.'" *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104-05 (S.D.N.Y. 2003) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)). "Consequently, even if the section 216(b) plaintiff can demonstrate that there are other plaintiffs "similarly situated" to him, he has no right to represent them absent their consent by an opt-in." *Vogel v. American Kiosk Mgmt.*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005). The FLSA also provides that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

other class members and is therefore held to pursue the action only on behalf of himself. Since the individual plaintiff has been offered the full relief sought, the offer of judgment renders the case moot.") (citing *Ward*, 455 F. Supp. at 270; *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06 Civ. 0468, 2006 WL 3314624, at *4 (E.D.N.Y. 2006); *Vogel*, 371 F. Supp. 2d at 128); *Briggs*, 2006 WL 3314624, at *3 (holding that where there are no putative class members or collective action plaintiffs to represent and defendant has offered all plaintiff could recover through litigation, "plaintiff has no legally cognizable interest or personal stake" and no " 'justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied.' ") (quoting *Abrams*, 719 F.2d at 32).

Conversely, district courts in this circuit have also held that an offer of judgment does not "always render an FLSA overtime case moot." *Velasquez v. Digital Page, Inc.*, 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012). Where an "opt-in plaintiff has been identified and a motion for conditional collective action certification has been made," within a reasonable time after commencement of the action, FLSA claims are not mooted by an offer of judgment. *Id.* Thus, even where an offer of judgment is comprehensive and undisputed, some "courts will not dismiss the case as moot if there is a *pending* motion for conditional certification and additional individuals have opted in the litigation." *Ritz*, 959 F. Supp. 2d at 28. *See Anjum v. J.C. Penney Co., Inc.*, No. 13 Civ. 0460, 2014 WL 5090018, at *14 (E.D.N.Y. Oct. 9, 2014) ("Accordingly, with the opt-in plaintiffs now joined in the action, the Court has subject matter jurisdiction and the motion to dismiss pursuant to Rule 12(b)(1) is denied."); *Velasquez*, 842 F. Supp. 2d at 488 (FLSA action not moot where additional plaintiffs opted in and motion for certification was pending); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380, 2009 WL 1357223, at *2 (S.D.N.Y. May

-17-

13, 2009) (denying defendants' motion to dismiss on mootness grounds where an additional plaintiff opted-in and a motion requesting authorization to issue the opt-in notice was filed "only a few months after the complaint"); *Yeboah v. Cent. Parking Sys.*, No. 06 Civ. 0128, 2007 WL 3232509, at *4-5 (E.D.N.Y. Nov. 1, 2007) (case not moot where additional plaintiff opted in).

### *FDCPA Cases and Rule 68 Offers*

In proposed class actions under the FDCPA,[6] the effect of Rule 68 depends upon the timing of the offer of judgment and the Rule 23 certification motion. *Morgan*, 2006 WL 2597865, at *3. Thus, where "a court has already granted or denied class certification, mootness of the named plaintiff's personal claim does not render the entire action moot." *Franco*, 2014 WL 1329168, at *3 (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980); *Sosna v. Iowa*, 419 U.S. 393, 394 (1975)).

When a Rule 68 offer is made while a class certification motion is pending, some district courts in this circuit have denied motions to dismiss for lack of subject matter jurisdiction. *See Tocco v. Real Time Resolutions, Inc.*, No. 14 Civ. 0810, 2014 WL 3964948, at *5 (S.D.N.Y. Aug. 13, 2014) (holding that a Rule 68 offer made after plaintiff has filed a motion for class certification cannot moot a claim); *Isaacs v. Malen & Assoc., P.C.*, No. 13 Civ. 2386, 2013 WL 4734904, at *1 (S.D.N.Y. Aug. 14, 2013) ("Because Isaacs could not reasonably have been expected to move for class certification this early in the litigation, this Court finds that the offer of

---

[6] The FDCPA authorizes courts to award individuals " actual damage[s]" and "additional damages . . . not exceeding $1,000" for violations of its debt collection provisions. 15 U.S.C. § 1692k(a)(1)–2(A). For damages in a class action, § 1692k(a)(2)(B)(i) and (ii), provide that each named plaintiff may recover up to one thousand dollars ($1,000.00) and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." In either case, plaintiffs may seek attorneys' fees and costs. *Id.* at § 1692k(a)(3).

judgment does not moot the claims in the proposed Amended Complaint."); *Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01 Civ. 1086, 2002 WL 449653, at *2 (S.D.N.Y. Mar. 22, 2002) (deciding a pending Rule 23 motion before considering a Rule 68 offer and motion to dismiss to avoid conflict between the two (2) Rules).

When a Rule 68 offer is made prior to a motion for certification, some district courts nevertheless decline to dismiss on mootness grounds unless the plaintiff has had a "reasonable" time to move under Rule 23, despite the fact that there is no statutory basis for this position. These courts have created an artificial basis to hold that the certification of a class "relates back"[7] to the time the complaint was filed "to prevent defendants from attempting to circumvent a class judgment by 'picking off' or 'buying off' named plaintiffs through the mooting of individual claims–i.e., settling with the named plaintiff after a class action complaint has been filed,"[8]

---

[7]   In *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975), the Court held:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the [particular case] and especially the reality of the claim that otherwise the issue would evade review.

[8]   In *Genesis Healthcare*, the Supreme Court held that its cases invoking the "inherently transitory" relation-back rationale did not apply because the "inherently transitory" rationale "was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course." 133 S. Ct. at 1531. "But this doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Id.* The Court expressly excluded claims for damages from conduct which was "effectively unreviewable." *See id.* ("Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations."). Thus, the continued use of this doctrine to "save" putative class actions for statutory damages from being mooted by an offer of judgment is questionable.

-19-

despite the fact that there is no statutory proscription against this practice. *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 76-77 (E.D.N.Y. 2008) (quoting *Novella v. Westchester Cnty.*, No. 02 Civ. 2192, 2004 WL 3035405, at *4 (S.D.N.Y. Dec. 29, 2004)). *See Morgan*, 2006 WL 2597865, at *8 ("Plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification.") (quoting *Vega v. Credit Bureau Enters.*, No. 02 Civ. 1550, 2003 WL 21544258, at *2 (E.D.N.Y. July 9, 2003)); *Nasca v. GC Servs. Ltd. P'ship*, No. 01 Civ. 10127, 2002 WL 31040647, at *3 (S.D.N.Y. Sept. 12, 2002) (holding that plaintiff did not have a reasonable opportunity to file a certification motion where defendant made a Rule 68 offer less than two (2) months after filing its answer and within (1) month of the initial conference); *White v. OSI Collection Servs, Inc.*, No. 01 Civ. 1343, 2001 WL 1590518, at *6 (E.D.N.Y. Nov. 5, 2001) ("[W]hen defendant's offer of judgment comes very early in the litigation and before a plaintiff, who has indicated in her complaint her intention to pursue the claim in a representative manner, can reasonably bring a motion to certify–it is proper to apply the relation back exception even though no motion for class certification has yet been filed."); *but see Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003) (granting motion to dismiss on mootness grounds where plaintiff had not moved for certification twenty (20) months after the complaint was filed); *Ambalu*, 194 F.R.D. at 453 (failure to file a certification motion sixteen (16) months after the filing of the complaint unreasonable). "Yet, among these courts, there is no consistent definition of what constitutes a reasonable opportunity or an undue delay warranting dismissal." *Morgan*, 2006 WL 2597865, at *4.

Similarly, prior to "determining that class claims are moot, some courts have considered

-20-

the timing of the offer of judgment," *Isaacs v. Malen & Assocs., P.C.*, No. 13 Civ. 2386, 2013 WL 4734904, at *1 (S.D.N.Y. Aug. 14, 2013), and "the diligence of the plaintiff in pursuing class certification to determine if the plaintiff had a reasonable opportunity to file for certification or if there has been undue delay," *Morgan*, 2006 WL 2597865, at *4. These courts reasoned that granting a motion to dismiss under these circumstances "would clearly hamper the sound administration of justice, by forcing plaintiff to make a class certification motion before the record for such a motion is complete." *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (denying defendant's 12(b)(1) motion where the Rule 68 offer was made "a mere 32 days" after the complaint was filed). *See also White*, 2001 WL 1590518, at *5 (E.D.N.Y. Nov. 5, 2001) ("[I]t would be 'absurd' to force plaintiffs to file motions for class certification with the complaint since often motions to certify require discovery, as well as scheduling orders from the court.").

Finally, some courts in this circuit "have dismissed cases as moot when the offer of judgment to the named plaintiff constituted complete relief" without regard to whether the plaintiff filed a certification motion or had the opportunity to do so. *Morgan*, 2006 WL 2597865, at *5. In *Ambalu v. Rosenblatt, supra*, the court dismissed plaintiff's proposed class action as moot despite plaintiff's argument that Rule 68 did not apply to class actions, but it noted that the proposition "may have some validity after class certification." 194 F.R.D. at 453. Where, however, no class had been certified and no certification motion was pending, and defendant offered plaintiff all he could recover, defendant was entitled to attempt settlement by a "pre-certification" Rule 68 offer. *Id.*

The decision in *Ambalu* "has served as a guide to other courts which have dismissed as

-21-

moot FDCPA actions where a pre-class certification Rule 68 offer of judgment provides complete relief for the named plaintiff, regardless of a plaintiff's rejection of the offer or the timing of the offer." *Morgan*, 2006 WL 2597865, at *5. *See, e.g., Tratt v. Retreival Maters Creditors Bureau, Inc.*, No. 00 Civ. 4560, 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001) (adopting Judge Nickerson's opinion [in *Ambalu*] as "entirely dispositive" and granting defendant's 12(b)(1) motion); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001) ("[W]holeheartedly agreeing with the sound reasoning of Judge Nickerson in *Ambalu*.").

## C.   CCG's Motion to Dismiss

The Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Protection Act ("JFPA"), prohibits any person who uses "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Title 47 U.S.C. § 227(b)(3)(A)-(C) provides that a person or entity may bring a private action to enjoin and/or recover "actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." Where a court finds that the defendant willfully or knowingly violated the TCPA or its regulations, it may, in its discretion, award treble damages. *Id.* "The TCPA makes no provision for attorney's fees or costs." *Haley v. Hughes Network Sys., LLC*, No. 12 Civ. 1079, 2013 WL 5937007, at *3 (W.D.N.Y. Nov. 1, 2013) (citing *Klein v. Vision Lab Telecomm., Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005); *J.C. Corp., Mgmt., Inc. v. Resource Bank*, No. 05 Civ. 0716, 2005 WL 2206086, at *4 (E.D. Mo. Sept. 12, 2005)).

Plaintiff John H. Lary, Jr. ("plaintiff") seeks to represent anyone who, within the four (4) years preceding the filing of the FAC, received from defendants, without permission, any type of

-22-

unsolicited facsimile ("fax") which did not contain an opt-out notice. CCG argues that the case should be dismissed as moot and for lack of subject matter jurisdiction because plaintiff was served with a Rule 68 offer which provides more relief than plaintiff could otherwise recover, and, consequently, plaintiff no longer has a personal stake in the litigation. Plaintiff's opposition argues that: (1) CCG forfeited its right to move to dismiss under Rule 12(b)(1) by filing an answer to the FAC; (2) an unaccepted Rule 68 offer of judgment cannot moot a case under Second Circuit precedent; (3) plaintiff has a continuing interest in obtaining relief for the class; (4) plaintiff's Rule 23 motion was filed without undue delay; and (5) CCG's offer does not afford plaintiff all the relief to which he is entitled.

Insofar as plaintiff argues that CCG forfeited its right to move under 12(b)(1) because it filed an answer prior to filing the motion and although a 12(b)(1) motion "is technically not the correct procedural vehicle" to challenge subject matter jurisdiction where a defendant has already filed an answer, FRCP 12(h)(3) provides that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Shariff v. Channel Realty of Queens, LLC*, No. 11 Civ. 1449, 2013 WL 5519978, at *1 n.1 (E.D.N.Y. Sept. 30, 2013) (citing *Greystone Bank v. Tavarez*, No. 09 Civ. 5192, 2010 WL 3325203, at *1 (E.D.N.Y. Aug. 19, 2010)). " 'Except for the pre-answer limitation on Rule 12(b)(1) motions, the distinction between a Rule 12(b)(1) motion and Rule 12(h)(3) motion is largely academic, and the same standards are applicable to both types of motions.' " *Id.* (quoting *Greystone Bank*, 2010 WL 3325203, at *1). Accordingly, CCG's motion shall be construed as one brought pursuant to FRCP 12(h)(3).

And although plaintiff cites to *McCauley v. Trans Union, supra*, for the proposition that pursuant to Second Circuit precedent, an unaccepted Rule 68 offer cannot moot a case, *McCauley*

-23-

actually held that the district court's judgment in favor of the defendant did not moot the case unless defendant was *obligated* to pay plaintiff his claimed damages, but vacated the judgment and remanded the case to the district court to enter a default judgment, in accordance with the terms of the offer, in plaintiff's favor. 402 F.3d at 342. *See Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268, 2013 WL 3185560, at *4 (S.D.N.Y. 2013) (referring to *McCauley* and noting that in the Second Circuit "an unaccepted offer of judgment can moot a plaintiff's claim").

Subsequent to *Genesis Healthcare* and as discussed above, the Second Circuit has also held that an unaccepted offer, accounting for all the relief a plaintiff could obtain, was sufficient basis to dismiss the case for lack of subject matter jurisdiction. *See Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). And in *Cabala v. Crowley, supra*, the Court of Appeals stated it had "rejected the argument that an unaccepted offer of settlement for the full amount of damages owed 'moots' a case such that the case should be dismissed for lack of jurisdiction if the plaintiff desires to continue the action." 736 F.3d at 228 (citing *McCauley*, 402 F.3d at 342). "Rather, . . . the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." *Id.* Based upon the foregoing, plaintiff's first argument is rejected.

Plaintiff also argues that he has a continuing interest in obtaining relief for the putative class. However, the Second Circuit has held that "in general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994). Thus, "[w]ithout certification, there can be no class under Rule 23" and consequently, "the unnamed class members are not part of the action before the named

-24-

plaintiff's claims are mooted by a Rule 68 judgment." *Jones-Bartley*, 2014 WL 5795564, at *15 (citing Fed. R. Civ. P. 23(c)(1)). *See Bd. of School Comm'rs. v. Jacobs*, 420 U.S. 128, 129 (1975) (holding that a class action is moot unless it was duly certified pursuant to Rule 23 and a controversy still exists between the present members of the class and the defendant); *Swan v. Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."); *Ambalu*, 194 F.R.D. at 453 ("If a named representative's claim becomes moot before class certification, the entire case is to be dismissed for lack of subject matter jurisdiction."). *See also Genesis Healthcare*, 133 S. Ct. at 1529 ("[T]he mere presence of [FLSA] collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied."). Accordingly, when a plaintiff's claim is mooted prior to conditional or class certification, he has no continuing interest in the lawsuit.[9]

---

[9] Plaintiff claims that he filed his motion for class certification prior to CCG's offer of judgment. In fact, plaintiff filed a class certification motion with a request to stay decision on the motion before CCG was added as a defendant. Plaintiff then withdrew the motion based upon a stipulation with the Rexall defendants wherein defendants agreed not to make an individual offer of judgment while no class certification motion was pending. Plaintiff then filed an amended complaint naming CCG as a defendant, whereupon CCG served plaintiff's counsel with a Rule 68 offer on June 26, 2014. On July 9, 2014, plaintiff filed a second Rule 23 motion. Thus, no class certification motion was pending when CCG served its Rule 68 offer. Moreover and insofar as plaintiff argues that his class certification motion was filed without undue delay, this argument is irrelevant, since there was no class certified at the time of the Rule 68 offer.

Plaintiff also argues that the Rule 68 offer does not afford him complete relief because the TCPA imposes five hundred dollars ($500.00) minimum statutory damages for "each such violation" of the statute and "accompanying FCC regulations." DE 70-1 at p. 18. As discussed above, a court may award treble damages upon a finding that a defendant's conduct was wilful or knowing. In his FAC and opposition to CCG's motion to dismiss, plaintiff alleges he received a single fax, which contained multiple violations because it was an unsolicited advertisement and did not contain an opt-out notice, and thus, a total of six thousand dollars ($6,000.00) in statutory damages, and not the three thousand five hundred ($3,500.00) offered by CCG, is required to

It is well settled that Rule 68 applies to class actions. *See Morgan*, 2006 WL 2597865, at *3 ("Rule 68 also applies to class actions."); *Vogel*, 371 F. Supp. 2d at 127 (acknowledging that a rule which allows the named plaintiff to be "picked-off" may waste judicial resources by stimulating additional lawsuits, yet noting "it appears that nothing prevents a defendant from attempting to settle a putative class action by making a pre-class-certification offer to the named plaintiff under Rule 68"); *Ambalu*, 194 F.R.D. at 453 (holding that a defendant is not foreclosed "from attempting to facilitate settlement by making a pre-certification Rule 68 offer of judgment"). *See also Genesis Healthcare*, 133 S. Ct. at 1532 ("The Court of Appeals concluded that [plaintiff's] individual claim became moot following [defendants'] [unaccepted] Rule 68 offer of judgment. We have assumed, without deciding, that this is correct.").[10]

Moreover, in 1984, the Advisory Committee on the Rules of Practice and Procedure of the Judicial Conference of the United States proposed a revision to Rule 68 that "expressly precluded offers of judgment in class or derivative actions," which was rejected by Congress. *McDowall v. Cogan*, 216 F.R.D. at 48 n.2 & 49. Thus, although district courts in this circuit have held that Rule 68 does not apply to class actions,[11] Rule 68 is actually " 'designed to insulate defendants

---

satisfy his claim, however, CCG has offered to consent to judgment in the sum of ten thousand five hundred dollars ($10,500.00). DE 71 at p. 11.

[10] In a strongly worded dissent, Justice Kagan took issue with the majority's decision not to decide whether an unaccepted Rule 68 offer moots a case. *Genesis Healthcare*, 122 S. Ct. at 1534-35 (Kagan, J., dissenting) (stating that the question of whether an unaccepted Rule 68 offer mooted plaintiff's FLSA claim is "logically prior to–and thus inextricably intertwined with–the question the majority rushes to resolve," i.e., whether plaintiff could maintain the collective FLSA action after her individual claim was mooted).

[11] *See e.g., Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23.") (citing cases).

willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions.' " *Id.* at 49 (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3001.0 (2d ed. 1997)). Therefore, a Rule 68 offer may be made up until the time a court grants or denies a Rule 23 motion. *See Geraghty*, 445 U.S. at 404 ( "We therefore hold that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied" because the "proposed representative retains a 'stake' in obtaining class certification sufficient to assure that Art[icle] III values are not undermined."); *Roper*, 445 U.S. at 336 (holding that although the named plaintiffs' claim was mooted by entry of judgment, they retained an individual interest "sufficient to permit their appeal of the adverse certification ruling").

And while courts are alert to attempts by defendants to avoid class actions by making Rule 68 offers of judgment to individual named plaintiffs before class certification," *Ward*, 455 F. Supp. 2d at 268, where class actions are untenable, individual plaintiffs may vindicate their rights by pursuing their own claims for statutory damages. *Franco*, 2014 WL 1329168, at *5. *See Genesis Healthcare*, 133 S. Ct. at 1531 (holding that "putative plaintiffs remain free to vindicate their own rights in their own suits" and such plaintiffs "are no less able to have their claims settled or adjudicated" following a proposed class action than if the putative class lawsuit "had never been filed at all"). Accordingly, neither the relation-back doctrine nor "pick-off" concerns apply to plaintiff's TCPA claim because members of the proposed class may file individual lawsuits to recover their damages. *See Geismann v. ZocDoc, Inc.*, No. 14 Civ. 7009, 2014 WL 6601024, at

-27-

*2 (S.D.N.Y. Sept. 26, 2014) (citing *Genesis Healthcare* and holding that dismissal of the named plaintiff's individual claim does not foreclose other plaintiffs from suing for unsolicited faxes without an opt-out notice).

In the context of deciding whether a pre-certification Rule 68 offer moots a case, the fact that unnamed plaintiffs may bring their own lawsuits is particularly persuasive where, as here, there is no interest in shifting a portion of attorney's fees and costs among a successful class of litigants because the TCPA, unlike the FLSA and the FDCPA,[12] does not provide for an award of fees or costs. "Absent explicit congressional authorization, attorney's fees are generally not recoverable." *Haley,* 2013 WL 5937007, at *3.

This Court finds that the question is one which should be resolved in favor of defendants unless and until Congress provides legislation to clearly state a procedure which (a) denies defendants the opportunity to make a Rule 68 offer for a stated period; or (b) requires plaintiffs to move for class certification within a specified period. Based upon the foregoing and the fact that plaintiff's motion for class certification has not been determined, CCG's pre-certification offer, which provides all the relief plaintiff could recover, moots plaintiff's claim.

Accordingly, based upon plaintiff's representations, judgment is granted in favor of plaintiff for statutory damages in the sum of six thousand dollars ($6,000.00). In addition, for the reasons discussed above, CCG's motion to dismiss for lack of subject matter jurisdiction is granted.

### D.   Plaintiff's Motion for Class Certification

Plaintiff's motion to certify the proposed class is denied because in "the absence of a claim

---

[12] *See, supra,* footnotes 5 & 6.

against defendant, plaintiff cannot adequately represent the purported class." *Franco*, 2014 WL 1329168, at *5. As CCG's Rule 68 offer of judgment mooted plaintiff's claim, a class cannot be certified because there is no live controversy as required by Article III. *See Geismann*, 2014 WL 6601024, at *3 (same). Accordingly, plaintiff's motion for class certification and a stay of decision is denied.

## III.    Conclusion

For the foregoing reasons, judgment is **GRANTED** in favor of plaintiff John H. Lary, Jr., individually, and against defendant Corporate Mailings, Inc. d/b/a CCG Marketing Solutions, in the amount of six thousand dollars ($6,000.00). CCG is enjoined from sending any faxes to plaintiff's fax number without proper opt-out notices pursuant to 47 U.S.C. § 227.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over third-party plaintiff CCG's third-party complaint against third-party defendant Healthcare Data Experts, LLC and, accordingly, CCG's third-party complaint against Healthcare Data Experts, LLC is dismissed without prejudice.

Plaintiff's motion for class certification is **DENIED** and CCG's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. Upon entry of judgment, there remains no case or controversy and, accordingly, the Clerk of the Court shall close this case.

**SO ORDERED.**

Dated: February 10, 2015
        Central Islip, New York

                                                            /s/
                                                  Sandra J. Feuerstein, U.S.D.J.

-29-